**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB LOREN POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-503 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| U.S. CITIZENSHIP & IMMIGR. | ) | |
| SERVS., PITTSBURGH FIELD OFFICE | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF DISMISSAL

Plaintiff's Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915.

Plaintiff has been granted leave to proceed *in forma pauperis* ("IFP"), and the Complaint is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* Atamian v. Burns, 2007 WL 1512020, *1-2 (3d Cir. May 24, 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Among other things, the statute requires the Court to dismiss any action in which subject matter jurisdiction is lacking and/or the plaintiff has failed to state a claim upon which relief may be granted. *See* Muchler v. Greenwald, 624 Fed. Appx. 794, 796-97 (3d Cir. Aug. 18, 2015).

As best the Court can discern, Plaintiff seeks a declaration that he is a United States citizen pursuant to the Automatic Acquisition of Citizenship after Birth, INA § 320, 8 U.S.C. § 1431. Compl. (Doc. 6) ¶ 62. As explained in the U.S. Citizenship and Immigration Services Notice of Motion to Reopen dated June 29, 2021, Plaintiff's approval of his Form N-600 was made in error because, *inter alia*, Plaintiff, who entered the United States on January 6, 1996, as a permanent resident under classification IR4, was to be adopted before the age of 18 years but

was not until he was 36 years old.  *See* USCIS Notice of Mot. to Reopen (Doc. 7-3) at ECF Banner p. 109.  Plaintiff, however, has not shown that he has exhausted the proper administrative remedies before filing this action, or how the Notice qualifies as a final order.  Thus, the Court finds that it lacks subject matter jurisdiction over this action, and will dismiss the Complaint with prejudice.

Moreover, the content of Plaintiff's Complaint are, to the undersigned, incomprehensible. Plaintiff rambles on how he was a victim of a human trafficking scheme "given [his] hidden Jewish Novel Prize Genetics" and how prominent Pittsburgh families, including his adoptive parents, "forced [him] to get his PhD [*sic*] and work at the National Energy Lab developing technology . . . on Einstein things." *Id*. at ¶¶ 34-35, 39.  Plaintiff's exhibits only exacerbate the frivolity of his case as he claims that he was "forced [into] a marriage in which the Plaintiff was raped for children."  (Doc. 7-3) ¶ 10.

Plaintiff's Complaint simply provides "bare averment[s] that he wants relief and [believes he] is entitled to it." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007) (citation to quoted source omitted).  That is not enough.  The Court has no reason to believe that the pleadings may be cured by amendment.  Thus, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915.

IT IS SO ORDERED.

January 10, 2024

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via First-Class U.S. Mail):